Electronically Filed 11/22/2013 04:36:24 PM ET

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2013-CA—12842-O
Complex Business Litigation Court

MIKE FOGEL, DANNY ANDERSON, BRIAN BUCKLEY, JEREMY BURR, RICK DALRYMPLE, INSURANCE OFFICE OF AMERICA, INC.; JEFF LAGOS, JOHN W. LAHEY, MARY LAWLESS, MARK MANFRE, ROD MORTON, HERMAN PEERY, HEATH RITENOUR, JOHN K. RITENOUR, RTRM, LLC; THOMAS SCALISE, WESLEY D. SCOVANNER, JERRY SENKARIK, KEITH SUTTON, MICHAEL SUTTON, and TAJS INVESTMENTS, LLC,

      Plaintiffs,

v.

ST. PAUL MERCURY INSURANCE COMPANY,

      Defendant.

---

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MIKE FOGEL, DANNY ANDERSON, BRIAN BUCKLEY, JEREMY BURR, RICK DALRYMPLE, INSURANCE OFFICE OF AMERICA, INC.; JEFF LAGOS, JOHN W. LAHEY, MARY LAWLESS, MARK MANFRE, ROD MORTON, HERMAN PEERY, HEATH RITENOUR, JOHN K. RITENOUR, RTRM, LLC; THOMAS SCALISE, WESLEY D. SCOVANNER, JERRY SENKARIK, KEITH SUTTON, MICHAEL SUTTON, and TAJS INVESTMENTS, LLC, (collectively, the *"Plaintiffs"*) sue Defendant, ST. PAUL MERCURY INSURANCE COMPANY (*"Defendant"*), and allege:

## INTRODUCTION

1.      Defendant, having forsaken its promises under insurance policy number EC00900226 (the *"Insurance Policy"*) to insured, John G. Squires (*"Squires"*), by failing to provide him a legal defense and advance the costs related thereto, and by denying insurance coverage, in defending against the claims asserted by Plaintiffs in a previously filed case styled, *"Mike Fogel, et al. v. John G. Squires, et al.,"* in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, left Squires with no other reasonable choice than to consent to the entry of a judgment in favor of Plaintiffs for **$7,148,557.50**. As a condition of that consent, Squires assigned to Plaintiffs his rights, claims, and causes of action arising from Defendant's breach of the Insurance Policy, and Plaintiffs, now standing in the shoes of Squires, and in their own rights, bring this action for declaratory relief to establish that indeed coverage existed under the Insurance Policy, that Defendant breached that Insurance Policy, and awarding damages to Plaintiffs.

## PARIES, JURISDICITON, AND VENUE

2.      Plaintiffs are adult individuals or entities who reside or operate in Florida and were investors in the Bank.

3.      Defendant, St. Paul Mercury Insurance Company, is a Connecticut insurance company doing business in Florida.

4.      Nonparty, John G. Squires, is a resident of Altamonte Springs, Seminole County, Florida.

5.      This is an action for damages that exceed $15,000.00, exclusive of costs, interests and attorney's fees.

6.      Under § 47.051, Florida Statutes, venue is proper in Orange County, Florida because the cause of action alleged in this Complaint accrued in Orange County.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7.     From March 3, 2008 through March 3, 2011, Squires was covered under the Insurance Policy issued by Defendant because Squires was a director and officer of Old Southern Bank. A true and correct copy of the Insurance Policy is attached hereto as **Exhibit "A."**

8.     The Insurance Policy is a "claims made policy" that provides coverage for claims brought against the directors and officers of Old Southern Bank. The Insurance Policy included a Management Liability Insuring Agreement, which includes Directors and Officers Individual Coverage.

9.     The Insurance Policy cover "wrongful acts," which by definition in the Insurance Policy, include, but are not limited to, *"any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by any Insured Person in their capacity as such, or in an Outside Position . . . ."*

10.     On or about July 26, 2010, Plaintiffs filed a lawsuit against Squires, among others, in case styled *"Mike Fogel, et al. v. John G. Squires, et al,"* in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Complex Business Litigation Court (Case No. 2010-CAQ-016894-O,) (the *"Litigation"*). The Litigation involved a claim for, among others, negligent material misrepresentations and omissions in connection with Old Southern Bancorp's (*"Old Southern Bank"*) 2007 Private Placement Memorandum, which was prepared for, and circulated to, potential investors in the Bank's $18 million secondary offering.

11.     In the Litigation, Plaintiffs sued Squires in his capacity as a director and officer of Old Southern Bank, alleging, *inter alia*, that Squires the former Bank Chairman, President and CEO, invited one or more of the Plaintiffs to become investors in an upcoming secondary

offering (the *"Secondary Offering"*) for an investment in the Bank, structured to raise approximately $18 Million as a capital infusion into the Bank.

12.    In connection with the Secondary Offering, Squires caused a Private Placement Memorandum (*"PPM"*) to be prepared and circulated to potential investors, including Plaintiffs, in the fall of 2007.

13.    At Squires' behest, Plaintiff John K. Ritenour was encouraged to circulate the PPM in order to induce Plaintiffs to invest in the Bank.

14.    At the time, Squires represented that no material conditions of a financial nature existed that would require further disclosures to be made in the PPM.

15.    The PPM, it has been discovered, contained inadequate and material misrepresentations and omissions relating to the soundness of the Bank, and the Board Members' capabilities with respect to managing the Bank's assets including, among other things:

a.    Falsely representing that no material conditions of a financial nature existed that would warrant any further disclosures or changes in the PPM;

b.    Failing to disclose that the Bank was over concentrated in real estate loans while touting their expertise as commercial real estate lenders;

c.    Failing to disclose that, prior to Plaintiffs making their investments in the Bank, the FDIC had ordered the Bank to reduce its exposure to real estate loans;

d.    Failing to disclose that the Bank Board Members voted at the end of 2007 to increase the loan loss allowance by $1,000,000.00 to reflect the deterioration in the general conditions of the market. However, the Bank decided not to implement the increase and decided not to revise the PPM to report either the vote or the Bank's

decision. This failure to report the Bank's vote and subsequent decision not to increase the loan loss allowance in the PPM was a material omission;

       e.     Falsely reporting a lower loan allowance in the PPM of $1,393,000.00 (or 1.05% of the total amount of the loan portfolio) which constituted a material misrepresentation regarding what the Bank believed was a sufficient loan loss allowance. In fact, only after Plaintiffs' investments in the Bank did the Bank report of the new loan loss allowance of 1.55% in their 2007 year-end financial report, which was not released to the public, or to Plaintiffs, until February 2008;

       f.     Falsely representing in the PPM that that it had only $5.1M in nonperforming loans. This was a single loan for a golf course. In fact, Defendants at least had another series of development loans secured by real estate for another $1.7M that were also nonperforming. These loans were not reported in the PPM; and

       g.     Falsely representing that the remainder of the Bank's loan portfolio was solid with no negative trends and that the Bank was confident that the real estate malaise had not spread to the Bank's portfolio.

    16.     As a direct and proximate result of Squires' negligent misrepresentations and omissions, Plaintiffs invested **$7,148,557.50** between October 2007 (when the PPM was initially circulated) and February 2008 (when the Bank offering closed) into the already failing Bank.

    17.     Squires forwarded the Complaint to Defendant, tendering the defense to Defendant, but Defendant stated in a letter on or about October 4, 2010 that Defendant *"will not be making any payments for defense costs or to satisfy settlements or judgments relating to the claim."*

18.    A copy of Plaintiffs' Complaint alleging Squires, among others, committed the aforementioned acts was sent to Defendant on or about November 7, 2010.  On or about December 1, 2010, Plaintiffs sent their second demand letter to Defendant. On December 6, 2010, Defendant responded stating that Defendant *"has denied coverage for this lawsuit."* On or about November 12, 2010, Plaintiffs filed their First Amended Complaint remedying its Count III (Negligent Misrepresentation). A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit "B."**   On or about April 25, 2011, Plaintiffs sent their third demand letter to Defendant.  However, once again, on January 10, 2012, Defendant denied the existence of coverage.  A true and correct copy of Plaintiffs' Demand Letters is attached hereto as **Composite Exhibit "C."**   A true and correct copy of Defendant's Denial Letters is attached hereto as **Composite Exhibit "D."**

19.    Having been left to his own resources, and without the benefit of insurance coverage to pay for a defense, and to avoid the increased risk of financial exposure to the Plaintiffs' claims, Squires consented to the entry of a Stipulated Final Judgment on July 26, 2013, in the amount of **$7,148,557.50,** which represented a reasonable award for the damages caused by the Wrongful Acts of Squires against Plaintiffs (the *"Stipulated Final Judgment"*). Under the settlement, Squires and Plaintiffs agreed that the Policy, and any rights, claims, and causes of action relating thereto against Defendant, would be the only source of funds to satisfy the Final Judgment. A true and correct copy of the Final Judgment is attached hereto as **Exhibit "E."**

20.    Squires assigned to Plaintiffs all his rights, claims, and causes of action relating to Defendant's denial of the defense and coverage promised in the Insurance Policy.

21.     Plaintiffs have performed all conditions precedent to bring this action, or such conditions have been met or otherwise waived.

22.     Plaintiffs have retained the law firm of Morgan & Morgan, P.A., agreeing to pay its reasonable attorney's fees.

## COUNT I
## ACTION FOR DECLARATORY RELIEF

23.     This is an action by Plaintiffs against Defendant for declaratory and supplemental relief under Chapter 86, Florida Statutes.

24.     Plaintiffs reallege, incorporate, and assert by reference the allegations set forth above in Paragraphs 1 through 23.

25.     The Insurance Policy issued to Squires by Defendant provides coverage to Squires for the acts and damages alleged by Plaintiffs in the Amended Complaint filed in the Litigation.

26.     Old Southern Bank and Squires timely furnished notice of the claim and otherwise performed all conditions precedent to invoke Defendant's coverage obligations under the Insurance Policy.

27.     Defendant denied coverage to Squires, and as a result, Squires was forced to defend himself in the Litigation without the benefit and protections that should have been afforded to him by Defendant under the Insurance Policy.

28.     Having been left to his own resources, and to protect his interests, Squires entered into a settlement with Plaintiffs allowing for the entry of the Stipulated Final Judgment.

29.     A judicial declaration is required to determine the parties' rights and obligations under the Insurance Policy, and whether Squires, and thus Plaintiffs as assignees, was entitled to coverage under the Insurance Policy for the claims asserted by Plaintiffs.

30.    Plaintiffs and Defendant have actual, present, adverse, and antagonist interests as to the enforceability of the Insurance Policy, and those antagonistic and adverse interests are all before the Court by proper process.

31.    Plaintiffs seek a declaration and supplemental relief: (i) declaring that Squires, and Plaintiffs as assignees, are entitled to full coverage under the Insurance Policy; (ii) declaring that the settlement resulting in the entry of the Stipulated Final Judgment was reasonable and in good faith; and (iii) awarding damages for breach of the Insurance Policy.

32.    Under § 627.428, Florida Statutes, Plaintiffs are entitled to recover from Defendant all reasonable attorney fees and costs related to this litigation.

WHEREFORE, Plaintiffs demand judgment against Defendant:

(i)    declaring that Squires, and Plaintiffs as assignees, are entitled to full coverage under the Insurance Policy;

(ii)    declaring that the settlement resulting in the entry of the Stipulated Final Judgment was reasonable and in good faith;

(iii)    awarding damages for breach of the Insurance Policy; and

(iv)    awarding reasonable attorney's fees and costs.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

<Signature on Next Page>

Dated: November 22, 2013.

s/Tucker H. Byrd
Tucker H. Byrd, Esq.
Florida Bar No. 381632
Aaron C. Garnett, Esq.
Florida Bar No. 0100232
MORGAN & MORGAN P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32803
Telephone: 407-420-1414
Facsimile: 408-418-2048
Primary Email: TByrd@forthepeople.com
Secondary Email: AGarnett@forthepeople.com